# N. Y. SUPERIOR COURT.

## John H. Glover agt. The Manhattan Railway Company and The New York Elevated Railway Company.

*Railroads — Damages to property must be compensated — When elevated railroad structures inconsistent with the free use of the streets — When owner of premises entitled to injunction to restrain railroad company from continuing the use of the street without compensation — When entitled to damages for such use.*

The plaintiff, who is owner of premises at the corner of Greenwich and Rector streets, in the city of New York, and the owner of an easement in Greenwich street, that it shall be held by the city as a public street forever for the free and common use of all persons, and who also owns the fee of one-half of Rector street, adjoining his premises, is entitled, no matter when he became owner of the premises, to judgment restraining the defendants from continuing the use without compensation, of his property, by operating an elevated railroad upon the streets in front thereof, if the railroad structure, as erected and used, is inconsistent with the free use of the streets under the conditions of the grant to the city.

The elevated railroad structure of defendants in Greenwich street is to some extent inconsistent with such use of the street, as it prevents free access to plaintiff's lot, obscures the light and to some extent the free circulation of air, and plaintiff is entitled to damages, for the period of his ownership, for the use of his property thus appropriated by defendants.

*Special Term, November,* 1883.

The facts are sufficiently stated in the opinion.

*Richard L. Sweezey* and *John E. Parsons,* for plaintiff. Plaintiff is the owner of the fee of one-half of Rector street in front of his premises. Rector street exists by dedication of Trinity church, and is in the same situation as any country highway. The description in the deeds to the plaintiff and his predecessors in title, coming down from Trinity church carries to both Greenwich and Rector streets (*Sherman* agt. *McKeon,* 38 *N. Y.,* 271; *Story* agt. *N. Y. Elevated R. R.*

*Co.*, 90 *N. Y.*, 179). Before the decision in the Story case, the right of an abutting owner, who owned the fee of the street subject to the public use, to enjoin the use of the street for railroad purposes, was settled ( *Williams* agt. *N. Y. Central*, 16 *N. Y.*, 97 ; *Henderson* agt. *Same*, 78 *N. Y.*, 423). As to Rector street, the defendants occupation is without color of legal right. They cannot acquire any right in Rector street. The acts of the legislature, under which they claim, not only give them no right to enter Rector street, but expressly prohibit their doing so (*Chap.* 489, *Laws* 1867, *secs.* 2, 3 *and* 4; *chap.* 595, *Laws* 1875, *sec.* 7). No right of eminent domain can be exercised with respect to Rector street. The plaintiff is entitled to an injunction and damages. As to Greenwich street the Story case is conclusive in plaintiff's favor. The plaintiff is entitled to damages for the past use by the defendants of Greenwich street, and to an injunction, subject to the power of the court to permit the defendants to acquire the plaintiff's right, upon the payment of adequate compensation. The acts of the legislature only permit the use by the company of the streets for a structure to be legalized in the mode provided ( *Vide* acts of legislation above cited and especially sec. 7, chap. 489, Laws 1867). No stricture, embracing the platform and station in question, has been authorized. The objections made by the defendants that the plaintiff's deed is void as to the easements of his grantors in Greenwich and Rector streets is not well founded (*Crary* agt. *Goodman*, 22 *N. Y.*, 170 ; *Higginbotham* agt. *Stoddart*, 73 *N. Y.*, 94 ; *Dawley* agt. *Brown*, 79 *N. Y.*, 390 ; *Corning* agt. *The Troy Iron and Nail Factory*, 40 *N. Y.*, 192 ; *Broiestedt* agt. *South Side R. R. Co.*, 55 *N. Y.*, 220 ; *Matter of N. Y. and E. R. R. Co.*, 70 *N. Y*, 327). The testimony shows continual remonstrance, but not positive acquiescence, nothing short of an actual conveyance would deprive plaintiff of his right to a final injunction. On an application for a preliminary injunction before plaintiff's right had been determined, the rule

might be different (*Williams* agt. *Henderson Cases, supra ; Calkins* agt. *B. and R. Natural Gas-Light Co.,* 1 *N. Y. S. C.* [*T. & C.*], 541). That plaintiff's deed is valid and that he is the owner of the easement which, according to the Story case, the abutting owner has in the street, and that plaintiff has the right to restrain encroachment upon this easement by injunction. Plaintiff's damages which he is entitled to recover as incident to his relief by injunction, are the diminution of the rental value of the premises from the time he bought up to the time of the trial. The measure of compensation, if the court should decide to fix a sum, upon payment of which defendants may acquire the right to remain in Greenwich street, is the difference between the market value of plaintiff's premises, the road being in the street, and what such value would be if the road was not in the street (*Matter of Prospect Park and C. I. R. R. Co.,* 16 *Hun,* 261; *Matter of N. Y. C. and H. R. R. R. Co.,* 15 *Hun,* 63 ; *Bloomfield and Nat. Gas-Light Co.* agt. *Calkins,* 1 *Sup. Ct.* [*T. & C.*], 549; *Henderson* agt. *N. Y. Central, supra ; Railroad act, chap.* 140, *Laws* 1850, *sec.* 16).

*Deyo, Duer & Bauerdorf,* for defendants ; *David Dudley, Field* and *Henry H. Anderson,* of counsel. Whatever questions of law it may be necessary for the courts to decide before the rights of abutting owners, as against railway corporations, are finally settled, must be disposed of in each case on its own facts and circumstances (*Greene* agt. *The New York Central and Hudson River R. R.,* 65 *How.,* 154). The plaintiff has no claims against the defendants ; but one person or owner is entitled to damages for the part of the easement destroyed by the permanent structure, and that person is the one who was owner when the damage was done (*Henderson* agt. *N. Y. C. and H. R. R. Co.,* 78 *N. Y.,* 435 ; *Williams* agt. *N. Y. C. R. R. Co.,* 16 *N. Y.,* 97 ; *Van Zandt* agt. *The Mayor, etc.,* 8 *Bosw.,* 375, 386, 389 ; *Greene* agt. *N. Y. C., etc.,* 65 *How.,* 154; *Powers* agt. *City of Council Bluffs,* 45 *Iowa,*

652; *Whitbeck* agt. *Cook*, 15 *Johns.*, 400). The plaintiff cannot come in at this late day and fight the battles of his predecessors in title; the easement, so far as it has been taken by the defendants, was taken from one of the plaintiff's predecessors in title; such predecessor, and he alone, sustained damage from such taking (*Van Zandt* agt. *The Mayor, etc., of New York*, 8 *Bosw.*, 875, 389; *Greene* agt. *N. Y. C. and H. R. R. R. Co*, 65 *How.*, 154; *Sargent* agt. *Machias*, 65 *Me.*, 591; *Neal* agt. *K. and I. R. R. Co.*, 61 *Me.*, 298; *Rand* agt. *Townshend*, 670; *Allyn* agt. *P. W. and B. R. R.*, 4 *R. I.*, 61; *Turnpike Road* agt. *Brosi*, 22 *Pa.*, 32; *Tenbrooke* agt. *Jahke*, 77 *Pa.*, 397; *Zimmerman* agt. *Union Canal Co.*, 1 *Watts & S.*, 346; *Schuylkill Nav. Co.* agt. *Thorburn* 7 *Serg. & Rawle*, 421; *Chase* agt. *N. Y. C. R. R.*, 24 *Barb.* 273; *Schuylkill and Susq. Nav. Co.* agt. *Decker*, 2 *Watts*, 343; *McLendon* agt. *Atlantic and W. P. R. R.*, 54 *Ga.*, 293; *Pomeroy, executor*, agt. *Chic. and Mil. R. R.*, 25 *Wis.*, 643).

INGRAHAM, *J.* — The complaint in this action alleges in substance that plaintiff is the owner and possessor of certain property in the city of New York, on the south-east corner of Greenwich and Rector streets, and of portions of Greenwich and Rector streets immediately in front of and adjoining the same to the center of said streets respectively. That the defendants, the New York Elevated Railroad Company, are the owners of a railroad running through said Greenwich street, past and in front of said premises owned by plaintiff, and that said railroad is now operated by the defendants, the Manhattan Elevated Railroad Company, as the lessees and agents of the New York Elevated Railroad Company. That in Rector street the defendants have constructed a depot from the said railroad in Greenwich street, and extending through Rector street beyond the rear line of the plaintiff's property. That the said railroad and other structures erected by the defendants occupies and greatly obstructs the streets and pas-

sageway to and from the plaintiff's property, and occupies and uses plaintiff's property in the said streets without the consent of the plaintiff, or without having paid compensation therefor, and prays that defendants may be enjoined from maintaining, continuing or operating said railroad and structures now existing in said streets in front of said premises; that they be compelled to take down and remove the same, and plaintiff have judgment for the damages sustained by virtue of the continuance of such structure and railroad.

The action, therefore, is one brought on the equity side of the court to restrain the defendants from the unauthorized use of the plaintiff's property, and to recover such damages as plaintiff has sustained by reason of such unauthorized use.

The learned counsel for the defendants insist that as at the time such damages were sustained and the road was built, plaintiff was not the owner of the property and defendants did not build the road, plaintiff cannot recover; but it seems to me that this position mistakes the theory on which the action is brought. It is not that the defendants are liable to plaintiff for building the road, but that they are liable for the use by them of plaintiff's property.

Plaintiff claims that he has certain property in the streets which defendants use, and use without plaintiff's consent and without paying him compensation therefor, and plaintiff asks the court to enjoin the further use of the property. The damages asked are only such as plaintiff has sustained by the unauthorized use of such property by defendants, since plaintiff became its owner.

The building of the road is not complained of, the use of the road before plaintiff purchased is not complained of, but the occupation and use of plaintiff's property in the future, is what the plaintiff asks the court to restrain, and for the use of such property since he purchased it, plaintiff asks compensation. That such an action can be maintained is well settled in this state ( *Williams* agt. *N. Y. C. R. R. Co.,* 16 *N.*

*Y.*, 97; *S. C.* agt. *N. Y. C. R. R. Co.*, 78 *N. Y.*, 423; *Story* agt. *N. Y. Elevated R. R. Co.*, 90 *N. Y.*, 179).

The court of appeals in the Story case has decided that plaintiff in that case had an easement in the streets in front of his premises, and that he was entitled to an injunction restraining the use by the railroad company of such property. It can make no difference at what time he became the owner of the property, but he is entitled to be protected against an unauthorized appropriation, whether it was acquired by him before the defendants appropriated it or the day before the commencement of the action.

The principal question to be determined is what property, if any, plaintiff has in Greenwich and Rector streets, in front of and adjoining his lot, that has been appropriated by the railroad company.

The lot in question was included in a large tract of land which was granted in the year 1705 to "the rector and inhabitants of the city of New York in communion of the church of England, as by law established," a corporation created by royal charters. The name of such corporation was by law changed to the rector, church-wardens and vestrymen of Trinity church in the city of New York. The corporation caused the property to be surveyed and laid out in lots by Francis Maerrchalk, about the year 1761. On that map appears a street without name, running from Broadway to Lumber (now Church) street, twenty feet wide, which corresponds with a portion of the present Rector street, and a street called First street, forty feet wide, which corresponds with the easterly portion of Greenwich street.

By a conveyance dated April 9, 1761, the church corporation remised, released and quit-claimed, to the mayor, aldermen and commonalty of the city of New York, the said streets, as they are particularly laid out, described and named in said map: "to have and to hold all and singular the said several and respective streets unto the said mayor, etc., and their successors, to be, remain and continue forever hereafter

for the free and common passage of, and public streets and ways for, the inhabitants of the said city of New York, and all others passing and returning through or by the same, in like manner in the other public streets of the said city now are or lawfully ought to be." And this conveyance was accepted by the city of New York. It appears that subsequently Rector street was extended to the river, and First street was widened and called Greenwich street. The exact date of such extension does not appear, but on a map dated 1815, both streets appear substantially as they now exist.

The fee of Greenwich street, in front of plaintiff's property, passed in the city of New York by the deed from the church corporation, dated 1761, but by the conveyance of the property conveyed, was to be held by the city as a public street forever. . The city accepted the conveyance subject to this condition, and this, I think, gave the owners of the adjoining property the right and privilege of having the street kept open forever as such, under the principle laid down by the court of appeals in the case of *Story* agt. *The New York Elevated Railroad Company* (90 *N. Y.*, 145). And that case decided that such a right was "an incorporeal hereditament. That it became at once appurtenant to the lot, and formed an integral part of the estate in it, and that it constituted a perpetual incumbrance upon the land burdened with it. The lot became the dominant and open way or street the servient tenement."

The extent of this easement on Greenwich street has, I think, also been settled by the court of appeals in the Story case (90 *N. Y.*, 122). Judge DANFORTH (*page* 146) says: " Generally it may be said it (the easement) is to have the street kept open so that from it access may be had to the lot, and light and air furnished across the open way. * * * That above the surface there can be no lawful obstruction to the access of light and air to the detriment of the abutting owner."

In regard to Rector street it does not appear that the fee of the street was ever acquired by the city, but I think that from

the evidence it may be assumed that prior to the year 1815 the church had opened the street from Broadway to the river and had dedicated it for a public street.

By a deed dated July 13, 1843, Trinity church corporation conveys to Jacob Fash a piece of land known as lot 47, bounded westwardly, in front, by Greenwich street, northwardly, on one side, by Rector street, and which by several conveyances became vested in the plaintiff.

The fee of half of the streets in front of plaintiff's property that had not been conveyed or released by the Trinity church corporation to the city, passed by the deed to Fash and, through the various conveyances, to the plaintiff (*Sherman* agt. *McKeon*, 38 *N. Y.*, 266; Story case, opinion of TRACY, J., 90 *N. Y.*, 165).

So that it appeared that the fee of Greenwich street was in the city, subject to the easement appurtenant to plaintiff's lot, and that the fee of one-half of Rector street to front of plaintiff's property was vested in plaintiff, subject to its use as a public street.

It was held in the case of *Williams* agt. *The New York Central Railroad Company* (16 *N. Y.*. 97), that in such a case "the public acquired nothing beyond the mere right of passing and repassing upon the highway, and that in all other respects the rights of the original owner remained unimpaired, and again it cannot be successfully contended either that the dedication of land for a highway gives to the public an unlimited use or that the legislature has the power to encroach upon the reserved rights of the owner by materially enlarging or changing the nature of the public easement;" and held that to allow a railway track to be constructed on a highway is a material enlargement of the uses to which the highway was originally dedicated; "and that the legislature had no power to give a railroad the right to build upon the highway without compensation to the owner of the fee."

That the structure as erected and used by the defendants in Greenwich street is to some extent inconsistent with the use

Glover agt. Manhattan Railway Company.

of such street under the conditions of. the grant to the city of New York is, I think, established by the evidence. It prevents to some extent the free access to plaintiff's lot; it obscures the light, and, to some extent, the free circulation of air. This point was directly involved in the *Story case* (*supra*). Judge TRACY says ( *page* 170): " We think such a structure closes the street *pro tanto*, and this directly invades the plaintiff's easement in the street as secured by the grant to the city. * * * The defendants' railroad, as authorized by the legislature, directly encroaches upon plaintiff's easement, and appropriated his property to the uses and purposes of the corporation. This constitutes a taking of property for public uses. It follows that such a taking cannot be authorized except upon condition that defendants make compensation to the plaintiff for the property taken."

The cases cited by defendants have all been examined, but so far as any of them are in conflict with the rules laid down, they must be held to be overruled by the cases above cited.

It follows, therefore, that if plaintiff is the owner of the easement in Greenwich street and the fee of Rector street, that he is entitled to judgment restraining the defendants from continuing to use his property.

It was argued on the motion for a nonsuit, and again on summing up, that as at the time of the conveyance to plaintiff defendants were in possession of the property claimed by plaintiff, that no titles to the easement or property passed by the deed under 1 Revised Statutes, section 147, page 739.

The court of appeals, in the case of *Corning* agt. *Troy Iron and Nail Factory*, decided that the statute does not apply to the holding of a right appurtenant to land, but only to the land itself. The statute does not prevent the title to the half of Rector street from passing by the deed to plaintiff, as the possession of the railroad company must be presumed to be in subordination to the rights of the owner. The evidence would not justify me in finding that it was adverse to him (*Broiestedt* agt. *The South Side R. R. Co.*, 55 *N. Y.*, 220).

I have carefully considered the arguments and authorities to which my attention has been called by the learned counsel for the defendant, and I am of the opinion that the defendants have appropriated, and are using, the property of the plaintiff without his consent and without compensation, and that plaintiff is entitled to judgment.

The remaining question is to what damages, if any, is the plaintiff entitled for the use of the premises since he acquired title to the property on the 7th day of January, 1882. The evidence of the rental value of the property belonging to plaintiff appropriated and used by defendants is extremely unsatisfactory. The only evidence is the opinions of experts of the depreciation in the rental of the premises in consequence of the existence of the railroad station; and there is no direct evidence of the rental value of plaintiff's easement of light, air and right of access.

From all the evidence, however, I think that plaintiff should recover $500 per year for the use of his property appropriated and used by the defendants.

It was my intention on the trial of the case to follow the rule laid down in *Henderson* agt. *New York Central Railroad Company*, and which was affirmed in 78 *New York*, 424, and find the value of the plaintiff's easement, and provide in the judgment that if defendants pay to plaintiff the sum so found as the value of the premises appropriated by defendants, the injunction asked for should be denied.

The defendants, however, have not asked for such a finding, and such a finding would be for their benefit, and the evidence is so unsatisfactory as to the value of such easement used by the defendant, that I have concluded simply to order judgment for the plaintiff, that the defendants be enjoined and restrained from using the property of the plaintiff in Greenwich and Rector streets, and that the plaintiff recover from the defendants the sum of $500 for each year from the time plaintiff became the owner of the said property to the entry of judgment, as damage for the use of such property

by defendants, allowing defendants to take such proceedings to acquire the property as they may be advised.

In consequence of this view of the case it will not be necessary to determine the right of defendants to use Rector street for the stations. I think, however, I should follow the suggestions of judge TRACEY in the Story case, and direct that the injunction should not issue until the defendants have had a reasonable time after the entry of judgment to acquire plaintiff's property either by agreement or by proceedings to condemn the same, and I think such reasonable time would be six months after the entry of judgment.

Judgment is therefore ordered for the plaintiff in accordance with the views contained in this opinion, with costs.